IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOE E. THOMAS                                                                                           PETITIONER
ADC #68971

V.                              NO. 5:09cv00064 SWW-JWC

LARRY NORRIS, Director,                                                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Joe E. Thomas, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). For the reasons that follow, the petition should be **denied** as untimely.

### I.
### Background

Following a jury trial in 1976 in the Circuit Court of Sebastian County, Arkansas, Petitioner was convicted of two counts of kidnapping and one count of aggravated robbery. He was sentenced to consecutive prison terms of thirty-five years for each kidnapping count and twenty years for aggravated robbery, plus fines totaling $30,000. In a direct appeal, he argued: (1) the trial court erred in refusing to direct a verdict on the aggravated robbery charge because no element of the crime occurred in Arkansas and the entire criminal activity took place in Oklahoma, depriving the Arkansas court of jurisdiction to try

the matter; and (2) the trial court erred in refusing to instruct the jury regarding his criminal responsibility for acts committed in Oklahoma. Rejecting these arguments, the Arkansas Supreme Court affirmed. *Thomas v. State*, 553 S.W.2d 32 (Ark. 1977) (*Thomas I*).

Petitioner then sought permission from the Arkansas Supreme Court to proceed with a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. On September 2, 1980, the Arkansas Supreme Court denied permission to proceed. *Thomas v. State*, No. CR 77-41 (Ark. Sup. Ct. Sept. 2, 1980) (Resp't Ex. A [doc. 9-2]) (*Thomas II*).

On September 16, 1991, Petitioner filed in the circuit court a petition for writ of error coram nobis, to which the state responded. (Resp't Ex. D, E, F [docs. 9-5, 9-6, 9-7].) The circuit court's docket sheet reflects no ruling on the petition, or the filing of any new pleadings since October 9, 1991. (Resp't Ex. G [doc. 9-8].) There is no evidence or allegation that Petitioner sought any further post-conviction relief in state court.

Petitioner now brings this federal habeas petition advancing one claim for relief: that the trial court lacked jurisdiction to try him because all the alleged criminal activity took place in Oklahoma, not Arkansas (doc. 2, at 5). In response (doc. 9), Respondent argues that the petition should be dismissed for several reasons: (1) the petition is barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d); (2) the sole claim presents only an issue of state law and thus does not involve a federal constitutional violation cognizable in this proceeding; and (3) the Arkansas Supreme Court's adjudication of this claim in his state-court appeal is entitled to deference under 28 U.S.C. § 2254(d). Although notified of his opportunity to reply to these arguments (doc. 10), Petitioner has not done so and the time for responding has expired.

Because the Court agrees that the petition is time-barred, the alternative arguments for dismissal need not be addressed.

## II.
## Statute of Limitations

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year of several possible dates, generally the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). For petitioners whose convictions became final before the enactment of § 2244(d) on April 24, 1996, there was a one-year grace period, ending April 24, 1997, for the filing of federal habeas petitions. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

As Petitioner's state convictions became final before April 24, 1996, he had until April 24, 1997, to file a federal habeas petition. Petitioner certifies that he placed this habeas petition in the prison mailing system on February 26, 2009, (doc. 2, at 14), almost twelve years later. This date is undisputed and is deemed to be the date of filing. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Ford*, 178 F.3d at 523 (pro se prisoner's habeas petition is "filed" on the date delivered to prison authorities for mailing to court clerk).

Section 2244(d)(1) contains three provisions which will delay the date on which the statute of limitations begins running, none of which Petitioner invokes. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Specifically, there is no allegation or evidence of any state-created impediment which has prevented him from seeking federal habeas relief since his convictions under subsection (d)(1)(B), he does not base his claims on any United States

Supreme Court case announcing a newly recognized constitutional right under subsection (d)(1)(C), and he does not allege any factual predicates which could not have been discovered earlier under subsection (d)(1)(D). Furthermore, any suggestion that the underlying facts or legal arguments were unavailable earlier is belied by Petitioner's state court proceedings, where he raised claims similar to those now presented here. *See Thomas I*, 553 S.W.2d at 33 (setting forth Petitioner's argument that the entire criminal activity took place in Oklahoma, depriving the Arkansas court of jurisdiction); *Thomas II, supra* at 1 (stating that the issue of the state's jurisdiction was decided adversely to Petitioner on appeal and was not properly raised in a post-conviction petition).

The time during which a properly filed application for state post-conviction relief is pending is not counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's Rule 37 post-conviction proceedings were completed long before the effective date of § 2244(d) and, therefore, had no effect on calculation of the statutory limitations period. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (state post-conviction review completed before § 2244(d) effective date was not "pending" during the relevant time period).

Petitioner's still-pending petition for writ of error coram nobis was not a "properly filed" state post-conviction application and thus had no tolling effect. A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The law is clear that an untimely state post-conviction application is not "properly filed" for § 2244(d)(2) tolling

purposes. *Allen v. Siebert*, 128 S. Ct. 2, 3-5 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005). In the absence of a "clear indication" from the state courts that a particular request for state post-conviction review was timely or untimely, a federal habeas court must independently examine the timeliness issue. *Evans v. Chavis*, 546 U.S. 189, 198 (2006).

In 1935, the Arkansas Supreme Court held that, when a judgment has been affirmed on appeal, "no application for the writ of error coram nobis may be made to the trial court without permission to make such application [having] been given by this court, and hereafter this rule will be enforced." *State v. Hudspeth*, 88 S.W.2d 858, 861 (Ark. 1935). At the time Petitioner sought coram nobis relief, the Arkansas Supreme Court had restated this requirement repeatedly, stating that it acquires jurisdiction after a case is appealed, and that a circuit court can entertain a coram nobis petition after appeal only if the supreme court grants permission and reinvests the circuit court with jurisdiction to hear it. *Edgemon v. State*, 730 S.W.2d 898, 898 (Ark. 1987); *McDaniel v. State*, 691 S.W.2d 153, 154 (Ark. 1985); *Williams v. Langston*, 688 S.W.2d 285, 286 (Ark. 1985); *Penn v. State*, 670 S.W.2d 426, 428 (Ark. 1984); *Mitchell v. State*, 354 S.W.2d 557, 558 (Ark. 1962).

Petitioner's convictions were affirmed in his direct appeal in 1977. His petition for writ of error coram nobis was filed fourteen years later, in September 1991. The petition was not filed in the right court or at the right time under Arkansas law, and the circuit court had no jurisdiction to consider it. Simply put, when a state post-conviction petition is untimely or otherwise invalid under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was properly filed under § 2244(d)(2). *Pace*,

544 U.S. at 414; *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006). Therefore, even though the coram nobis petition has never been ruled on and technically is still "pending," it was not "properly filed" for § 2244(d) purposes and has no effect on computation of the limitations period.

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms specified by statute. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). A habeas petitioner seeking to equitably toll the federal limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented a timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). Equitable tolling affords "an exceedingly narrow window of relief," and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or where the "conduct of the defendant has lulled the plaintiff into inaction." *Id.* at 945. To be entitled to tolling, a petitioner must act with diligence. *Earl*, 556 F.3d at 722. Moreover, equitable tolling is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or the failure to recognize the legal ramifications of actions taken in state post-conviction proceedings. *See, e.g., Lawrence*, 549 U.S. at 336-37 (no equitable tolling

due to confusion about the law, court-appointed counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace*, 544 U.S. at 418-19 (no tolling due to "trap" created by post-conviction laws, where petitioner did not diligently seek state and federal relief); *Runyan*, 521 F.3d at 945-46 & n.4 (petitioner's failure to comply with state filing requirements and failure to file protective federal habeas petition); *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007) (petitioner's filing of three improper state post-conviction applications); *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (petitioner's attempt to obtain state post-conviction counsel), *cert. denied*, 549 U.S. 1123 (2007); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures).

As illustrated by the cases cited above, any obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition. Moreover, he has not acted with the requisite diligence in preserving and timely pursuing his right to federal habeas review. After his convictions became final, he waited fourteen years before filing the coram nobis petition in state court in 1991, then eighteen more years before initiating this federal habeas action in 2009. There is no indication that, during that time period, he did anything to check the status of his coram nobis petition, attempt to obtain a ruling on the petition or, most importantly, file a habeas petition in federal court. He does not allege that he lacked the information necessary to formulate his current federal habeas claims or that any action or inaction by the state or any state actor prevented him, in the exercise of reasonable diligence, from discovering the facts underlying his claims soon enough to enable him to bring a timely habeas petition. In short, there is no basis for equitable tolling.

In summary, Petitioner filed this federal habeas petition outside the one-year limitations period provided in § 2244(d), as extended by the grace period to April 24, 1997, and he has not demonstrated that the period should be tolled or further extended under any statutory provision or equitable principles.

III.
Conclusion

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **denied** as untimely and this action should be **dismissed in its entirety with prejudice**.

DATED this 24th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE